UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
AYALA SCHREIBER,

                Plaintiff,        MEMORANDUM AND ORDER

  -against-                            CV 13-935 (LDW) (WDW)

RICHARD SOKOLOFF, ESQ.,

                Defendant.
----------------------------------------------------------------X

WEXLER, District Judge

    Plaintiff Ayala Schreiber ("Schreiber") brings this action against defendant Richard Sokoloff, Esq. ("Sokoloff") for alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et. seq.* Sokoloff moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure ("FRCP"). Schreiber opposes the motion.

    It is undisputed that Schreiber received a letter, dated April 1, 2012, from Sokoloff, an attorney, indicating that Sokoloff had been retained to obtain payment from Schreiber for an outstanding obligation relating to surgical services rendered to Schreiber. Schreiber claims that Sokoloff violated the FDCPA by failing to engage in "meaningful review" before sending the letter under his signature.

    The FDCPA creates a general prohibition against the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, an example of which includes "[t]he false representation or implication

that any individual is an attorney or that any communication is from an attorney," *Id.* § 1692e(3). There is no dispute that Sokoloff is an attorney, or that the letter is, in a literal sense, "from" an attorney. However, as the Second Circuit has interpreted this provision, "some degree of attorney involvement is required before a letter will be considered 'from an attorney' within the meaning of the FDCPA." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 301 (2d Cir. 2003); *see also Clomon v. Jackson*, 988 F.2d 1314, 1321 (2d Cir.1993) ("[T]he use of an attorney's signature on a collection letter implies that the letter is 'from' the attorney who signed it; it implies, in other words, that the attorney directly controlled or supervised the process through which the letter was sent . . . . [T]he use of an attorney's signature implies – at least in the absence of language to the contrary – that the attorney signing the letter formed an opinion about how to manage the case of the debtor to whom the letter was sent.").

In support of the motion, Sokoloff includes an affirmation, tersely indicating, *inter alia*, that "the file was sent to my office"; it "was reviewed and the file was loaded"; "the initial demand letter was generated"; and "I signed the letter after reviewing the file." Affirmation (of Richard Sokoloff), dated August 26, 2013, ¶¶ 1-3. In opposition to the motion, Schreiber includes a recording of a phone conversation that she had with one of Sokoloff's employee's relating to the letter. She contends that statements by Sokoloff's employee demonstrate that Sokoloff did not engage in a "meaningful review" as required by the FDCPA. In addition, Schreiber's counsel explains that he had noticed Sokoloff's

deposition, but that Sokoloff was unable to attend due to a previously planned surgical procedure. In response to Schreiber's opposing papers, Sokoloff submits a supplemental affirmation containing a more detailed account of his review of the file and letter. *See* Supplemental Affirmation in Support of Motion for Summary Judgment, dated February 28, 2014. Schreiber has not responded to the supplemental affirmation.

To obtain summary judgment under FRCP 56, the party seeking judgment must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Donahue v. Windsor Locks Bd. of Fire Comm'rs,* 834 F.2d 54, 57 (2d Cir. 1987). The burden of showing the absence of a genuine dispute as to any material fact rests on the party seeking summary judgment. *McLee v. Chrysler Corp.,* 109 F.3d 130, 134 (2d Cir. 1997).

Upon consideration, the Court finds that a genuine dispute of material fact exists as to whether attorney Sokoloff engaged in a "meaningful review," as required by the FDCPA. In reaching this determination, the Court does not consider Sokoloff's supplemental affirmation, as it was first submitted in his reply papers and Schreiber has not had an opportunity to contest the submission, let alone take his deposition. *See, e.g.*, *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n. 13 (10th Cir. 2003) (holding district court must ignore new evidentiary material or new legal argument presented in reply brief or allow opposing party to file surreply).

Accordingly, Sokoloff's motion for summary judgment is denied.

SO ORDERED.

                                                _____/s/_____
                                                LEONARD D. WEXLER
                                                UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       June 10, 2014